UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRISPIN GARCIA-ESPANA,<br><br>Defendant. | NOS. CR-04-223-RHW<br>CR-04-253-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA** |

Before the Court is Defendant's Motion to Withdraw Plea of Guilty (CR-04-223-RHW [Ct. Rec. 68]). A hearing was held on the motion on February 5, 2007. Defendant was present and represented by Kim Deater. The Government was represented by Pamela Byerly.

Defendant plead guilty on January 6, 2005, and on April 21, 2005, was sentenced to a 30 month term of incarceration; a three year term of supervised release; and a $100 special penalty assessment. Additionally, Defendant was sentenced to a 12-month consecutive sentence as a result of his guilty plea on alleged supervised release violations. Defendant appealed his sentence. On September 16, 2006, the Ninth Circuit remanded the case for resentencing in light of the *Shepard v. United States*, 544 U.S. 13 (2005), and specifically instructed, as follows:

> In complying with the remand in this case, the district court may enter such orders, including without limitation, vacating the judgment, as the district court in its discretion deems appropriate.

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA ~ 1**

(Ct. Rec. 49).

Defendant now moves to withdraw his guilty plea, asserting that his plea was not knowing and voluntary, due to ineffective assistance of counsel. The Government opposes Defendant's Motion to Withdraw Guilty Plea.

**DISCUSSION**

The Court finds that it has jurisdiction to hear Defendant's motion based on the Ninth Circuit's instruction that this Court may enter any order in its discretion it deems appropriate.

Pursuant to Fed. R. Crim. P. 11(e), a defendant may not withdraw a guilty plea except as a result of a direct appeal or a collateral attack. Allegations that a plea was entered into involuntarily because of ineffective assistance of counsel is sufficient grounds upon which to collaterally attack the validity of a plea agreement. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (applying *Strickland v. Washington* analysis to ineffective-assistance claims arising out of the plea process).

Whether a guilty plea is valid turns on "whether the plea represents a voluntary and intelligent choice among the alternative courses of actions open to the defendant." *Id.* (citation omitted). Where "a defendant is represented by counsel during the plea process and enters his plea upon advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* (citation omitted). Under *Hill*, in order to successfully challenge his guilty plea, the defendant must show that his counsel's representation fell below an objective standard of reasonableness, and he would not have pleaded guilty and would have insisted on going to trial.[1] *Id.* at 59.

---

[1]In its response, the Government contends that the *Strickland* standard only applies to § 2255 motions. The Court disagrees. In *United States v. Davis*, the

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA ~ 2**

Here, the Court finds that Defendant's guilty plea was not knowing and voluntary. Through the course of his criminal proceedings, Defendant was represented by Ted Mahr. The Court finds that Mr. Mahr's representation fell below an objective standard of reasonableness when Mr. Mahr failed to research or discuss the fact that Defendant that he had a possible defense to the § 1326 charge. Defendant submitted a declaration that stated that his counsel never discussed with him any other legal option he may have had other than to enter a guilty plea. Additionally, the Court finds that Mr. Mahr's representation at the sentencing hearing fell below an objective standard of reasonableness. It is undisputed that he failed to submit a sentencing memorandum. He also failed to object to the United States Probation Officer's recommendation that Defendant receive a 16-point enhancement for his vehicular homicide conviction. Ultimately, the Court concluded that a 16-point enhancement should not be applied, and instead, applied an 8-point enhancement.[2]

The Court's finding that Defendant's counsel's representation fell below an objective standard or reasonableness is bolstered by the fact that Mr. Mahr misrepresented the circumstances surrounding the sentencing to the Ninth Circuit

---

Ninth Circuit held that prior to sentencing, the *Strickland* standard of prejudice does not apply, but stated that this standard would apply where a defendant is seeking to withdraw his guilty plea after sentencing. 428 F.3d 802, 806 (9th Cir. 2005).

[2]Upon further research, the Court believes that this 8-point enhancement was in error. In *Fernandez-Ruiz v. Gonzales*, the Ninth Circuit held that in order for an offense to meet the federal definition of a crime of violence found in 18 U.S.C. § 16, the offense must involve the intentional use of force against the person or property of another. 466 F.3d 1121, 1129 (9th Cir. 2006). Crimes that involve the reckless or grossly negligent use of force do not meet this definition.

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA ~ 3**

Court of Appeals. In his Response to Appellant's Pro Se Motion, Mr. Mahr stated the following:

> the plea bargain contemplated a level 16 adjusted basis for Mr. Garcia, but Mr. Mahr was able to convince the court to lower that to a level 8 adjusted basis for Mr. Garcia, resulting in a greatly reduced sentence of just 30 months in case number CR-04-223-RHW."

As noted above, it was not Mr. Mahr who objected to the 16 point enhancement; instead, it was the Court who brought up the issue initially as to whether the 16-point enhancement was appropriate. It was not Mr. Mahr who convinced the Court that the 16-point enhancement was not appropriate; rather it was the Court who convinced Mr. Mahr of such a fact. His willingness to misstate the record heightens the Court's concern that Defendant received inadequate representation.

The Court also finds that there is a reasonable probability that, but for counsel's unprofessional errors, Defendant would not have pleaded guilty and would have insisted on presenting this defense. In his Motion to Dismiss the Indictment, Defendant argues that his underlying deportation proceeding violated his due process rights because he was deported as a result of his conviction for vehicular homicide, notwithstanding the fact that the Supreme Court held that the term "crime of violence" does not encompass offenses committed through the reckless, or grossly negligent, use of force, relying on *Leocal v. Ashcroft*, 543 U.S. 1 (2004).

The Court finds that if Defendant's counsel would have discussed this possible defense with Defendant, it is likely that Defendant would have opted to present this defense rather than enter a guilty plea.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Withdraw Guilty Plea (CR-04-223-RHW [Ct. Rec. 68]) is **GRANTED**.

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA ~ 4**

2,   A hearing on Defendant's Motion to Dismiss Case (CR-04-223-RHW [Ct. Rec. 60]) is **set** for **February 22, 2007**, at **9:00 a.m.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** the 8th day of February, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2004\Garcia-Espana\grant.withdraw.wpd

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA ~ 5**