UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CRISPIN GARCIA-ESPANA,<br><br>    Defendant. | NOS. CR-04-223-RHW<br>        CR-04-253-RHW<br><br>**ORDER GRANTING<br>DEFENDANT'S MOTION<br>TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss (CR-04-223-RHW [Ct. Rec. 60]). A hearing was held on the motion on February 22, 2007, in Spokane, Washington. Defendant was present and represented by Kim Deater. The Government was represented by Earl Hicks. The Government requested the hearing be continued to a later date. On February 26, 2007, a hearing was held on the motion. Defendant was present and represented by Kim Deater. The Government was represented by Pam Byerly.

Defendant asserts that the underlying deportation proceeding violated his due process rights and therefore cannot serve as a predicate element of his § 1326 conviction. Specifically, Defendant asserts that INS erred in concluding that he was deportable because of his vehicular homicide conviction, which in turn, invalidated his deportation order. The Court agrees.

## BACKGROUND

In December 1998, Defendant was convicted of vehicular homicide in Skamania County (WA) Superior Court and was sentenced to 27 months. While in

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1**

state custody, INS served him with a Notice of Intent to Issue a Final Administrative Removal Order (NOI) on December 15, 1999. The Notice informed him that he was deportable because he was convicted of an aggravated felony and that he would be deported without a hearing before an Immigration Judge (IJ).[1] The notice also explained his rights and responsibilities. Defendant was told that he may choose to be represented by counsel, and a list of free legal services would be provided, and that he must respond to the notice within 10 days. He was told he could seek judicial review of any final administrative order by filing a petition for review within 14 days after the date of the order. Defendant indicated that he did not wish to contest the allegations set forth in the Notice of Intent and he waived his right to file a petition for review of the Final Removal Order. A Final Administrative Removal Order was issued on January 21, 2000. Defendant was then deported.

Defendant was again found in the United States in the District of Arizona and was convicted of 8 U.S.C. § 1326 in September 2000. He was sentenced to a term of imprisonment of 30 months. He was deported on June 18, 2002, based upon an order reinstating the initial order of removal. In 2004, Defendant was again found in the United States in the Eastern District of Washington and was indicted for illegal reentry in violation of 8 U.S.C. § 1326, and was sentenced to 30 months, with an additional 12 month consecutive sentence for supervised release violations.[2] Defendant appealed his 2004 sentence, and the Ninth Circuit Court of

---

[1] 8 U.S.C. § 1228 provides for the Expedited Removal of Aliens convicted of Committing Aggravated Felonies. Under this section, an alien convicted of an aggravated felony is not entitled to a deportation hearing. Additionally, such alien is conclusively presumed to be deportable from the United States, and is not eligible for any relief from removal that the AG may grant in the AG's discretion.

[2] The indictment specifically alleged the June 18, 2002, removal as a basis for the criminal charge.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2**

1   Appeals remanded the case with instructions to enter such orders as this Court

2   deems appropriate.

3                                    DISCUSSION

4        "Because the underlying removal order serves as a predicate element of a §

5   1326, a defendant charged with that offense may collaterally attack the removal

6   order under the due process clause."  *United States v. Pallares-Galan*, 359 F.3d

7   1088, 1094 (9th Cir. 2004) (*quoting United States v. Mendoza-Lopez*, 481 U.S. 828,

8   837-38 (1987).  In order to sustain the attack under the controlling statutory

9   provisions, a defendant must ordinarily show: (1) exhaustion of available

10  administrative remedies to seek relief from the deportation order, (2) improper

11  deprivation of the opportunity for judicial review, and (3) fundamental unfairness

12  of the underlying removal order.  *See* 8 U.S.C. § 1326(d).  An underlying removal

13  order is "fundamentally unfair" if (1) an alien's "due process rights were violated

14  by defects in the underlying deportation proceedings," and (2) "he suffered

15  prejudice as a result of the defects."  *Pallares-Galan*, 359 F.3d at 1094 (citation

16  omitted).

17       An alien is barred under § 1326(d) from collaterally attacking his underlying

18  removal order "if he validly waived the right to appeal that order during the

19  deportation proceeding."  *Id.* (citation omitted).  Where a waiver of the right to

20  appeal a removal order is not "considered and intelligent," however, an alien has

21  been deprived of his right to that appeal and thus to a meaningful opportunity for

22  judicial review.  *Id.*  In *United States v. Muro-Inclan*, the Circuit held that the

23  exhaustion requirement cannot bar collateral review of a deportation proceeding

24  when the waiver of right to an administrative appeal did not comport with due

25  process.  249 F.3d 1180, 1184 (9th Cir. 2001).  Thus, the failure to properly advise

26  the alien of apparent eligibility for relief is a denial of due process that renders the

27  waiver of appeal invalid, which in turn excuses the need to exhaust administrative

28  remedies.  *Id.* at 1183-84.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3**

1     In *United States v. Camacho-Lopez*, the defendant appealed his conviction

2 for illegal reentry following deportation, arguing that a defect in his earlier

3 deportation proceeding invalidated his deportation order and appeal waiver.  450

4 F.3d 928, 929 (9th Cir. 2006).  The asserted defect was that the Immigration Judge

5 erroneously advised the defendant that he was ineligible for discretionary relief

6 because of his vehicular manslaughter conviction.  *Id.*  In that case, the

7 Government conceded that the Supreme Court case of *Leocal v. Ashcroft*, 543 U.S.

8 1 (2004), applied to the defendant's 1998 deportation hearing.[3]  The Government

9 also conceded that the defendant was excused from the exhaustion requirement

10 because the IJ erroneously advised the defendant he was ineligible for

11 discretionary relief, and therefore the defendant was deprived of a meaningful

12 opportunity for judicial review.  *Id.*

13     The Ninth Circuit held that because the defendant's Notice to Appear

14 charged him as removable only for having committed an aggravated felony, which

15 the vehicular manslaughter conviction did not meet, the defendant was removed

16 when he should not have been and clearly suffered prejudice.  *Id.*

17     The Court finds *Camacho-Lopez* directly on point.[4]  Here, the defects in the

18 underlying deportation proceeding invalidated the deportation order, and

19 Defendant could not have knowingly and voluntarily waived his right to appeal.

---

[3]In *Leocal v. Ashcroft*, the Supreme Court held that a felony conviction for driving under the influence while causing seriously bodily injury in an accident is not a "crime of violence" and therefore not an "aggravated felony."  543 U.S. 1 (2004).  In *Fernandez-Ruiz v. Gonzales*, 446 F.3d 1121 (9th Cir. 2006), the Ninth Circuit held that offenses that involve the reckless use of force are not crimes of violence as defined by 18 U.S.C. § 16.

[4]At the February 26, 2007 hearing, the Government conceded that *Camacho-Lopez* was directly on point, and agreed that the proper course of action would be to dismiss the indictment.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4**

Defendant was erroneously advised that he was deportable under section 237(a)(2)(A)(iii) because he was convicted of an aggravated felony. This erroneous advice excused Defendant from the exhaustion requirement, and deprived Defendant of a meaningful opportunity for judicial review. Because the NOI charged him as removable only for having committed an aggravated felony, Defendant suffered prejudice because he should not have been removed under 8 U.S.C. § 1228(b). Under *Camacho-Lopez*, the proper course of action is to dismiss the indictment.

Accordingly, **IT IS HEREBY ORDERED:**

1.     Defendant's Motion to Dismiss (CR-04-223-RHW [Ct. Rec. 60]) is **GRANTED**.

2.     The indictment in CR-04-223-RHW is **dismissed with prejudice**.

3.     The Court finds that Defendant has not committed the alleged supervised release violation.

4.     The Judgments entered on April 25, 2005 (CR-04-223-RHW [Ct. Rec. 27] (CR-04-253-RHW [Ct. Rec. 18]) are **vacated.**

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order, provide copies to counsel and the U.S. Marshals Service, and close the files.

**DATED** the 6th day of March, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2004\Garcia-Espana\dismiss.wpd

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5**